Dolan, PJ.
Plaintiffs claim damages for the alleged breach of an agreement to purchase real estate. The trial court found for the defendant on a case stated and plaintiffs appealed.[2] It was the duty of trial judge and it is our duty to order the correct judgment on the agreed facts. Quintin Vespa Co., Inc. v. Construction Service Co., 343 Mass. 547, 551, 552 (1962).
Plaintiffs are the owners of real estate which defendant wanted to purchase for use in his building and contracting business. On December 2,1987, defendant executed a third offer to purchase the real estate, which offer included certain contingencies. Plaintiffs accepted this third offer, defendant received the keys to plaintiffs’ building and began to move into the building.[3] The offer provided that a purchase and sale agreement would be executed by December 11,1987.
If this accepted offer contained all of the material terms of the agreement between plaintiffs and defendant, it may be inferred that the purpose of a final document which the parties agreed to execute was to serve only as a polished memorandum of an already binding contract. Goren v. Royal Investments, Inc., 25 Mass. App. Ct. 137, 140 (1987). However, if the material terms contained in the offer were incomplete, it may be inferred that the parties did not intend to be bound by the preliminary offer agreement. Blomendale v. Imbrescia, 25 Mass. App. Ct. 144, 147 (1987).
A purchase and sale agreement was prepared which included language drafted by defendant for the lease of the premises until closing. The lease language provided that the lease was for a one month period, with two extensions of thirty days each, at defendant’s option. The two extensions would be necessary to allow defendant to continue to occupy the premises from early December, 1987 to the. March 1,1988 scheduled closing date. Defendant executed the purchase and sale agreement which contained the draft lease language and it was sent to plaintiffs.
On December 17,1987, plaintiffs altered the proposed purchase and sale agreement by amending the draft lease to makethe thirty day extensions at plaintiffs’ option rather than defendant’s, and notified defendant of that alteration. When informed of *43 the alteration,[4] defendant notified plaintiffs that the change was unacceptable to him. On December 18th, 22nd and 29th, 1987, defendant again notified plaintiffs that the changes were unacceptable. Apparently plaintiffs did not propose any other language for the extension of the lease beyond one month. On December 30,1987, defendant stopped payment on his deposit check. He moved out of the premises between Januapr 10,1988 and January 13,1988.
Plaintiffs’ alteration to the proposed lease agreement was not consistent with the accepted offer, which provided that the one month lease would be extended if defendant obtained financing. Under the terms of the altered purchase and sale agreement, plaintiffs could interrupt defendant’s occupancy for the two months immediately preceding tiie closing date by not electing to renew the lease.
If the accepted offer was an enforceable agreement, plaintiffs breached the terms of that agreement by not offering a lease that would extend through the closing date. If the accepted offer was not an enforceable agreement, plaintiffs’ purported acceptance of the purchase and sale agreement was materially and substantially at variance with the terms of the offer, and, as such, operates as arejection of the original offer and a counteroffer, which if not accepted by the original offeror, does not ripen into a completed contract. Moss v. Old Colony Trust Co., 246 Mass. 139, 148 (1923); Peretz v. Watson, 3 Mass. App. Ct. 727, 728 (1975). In either event, we find no error in the trial court’s finding for the defendant
Report Dismissed.

 No briefs or arguments were presented on the consolidated case of Joan Graham d/b/a Graham Real Estate v. James Ritchie & Margery Ritchie & Michael R. Shay.
That appeal is dismissed.

 The offer provided among other things that “Buyer and Seller agree to exercise a lease-purchase agreement for the Buyer to occupy the premises five (5) days after the signing of this offer, it being understood that no changes or improvements to be made to the premises and that 75% of the agreed monthly lease of $1,200.00 plus utilities will be applied toward the purchase price and that a lease for one month will be extended at the same terms if Buyer obtains financing necessary for purchase. It is further agreed that Buyer will advise Seller of his intended use of property during this lease period.” (emphasis added)

 Plaintiffs also altered language with respect to the payment of interest on a one year balloon mortgage to be held by plaintiffs. Later, on January4,1988, plaintiffs notified defendant that they would accept the language in the purchase and sale agreement concerning interest payments, without alteration.